# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 3:18-CR-100 |
| v. | (MARIANI, J.)<br>(SAPORITO, M.J.) |
| YAMILKA SANCHEZ DE HERNANDEZ, | |
| Defendant. | |

*FILED*
*WILKES BARRE*
*JUN 19 2020*
*PER* _____
*DEPUTY CLERK*

## MEMORANDUM

This matter is before the court on the motion to reconsider detention order (Doc. 130) filed by the defendant, Yamilka Sanchez De Hernandez.

Sanchez De Hernandez, who is currently awaiting sentencing, seeks her release from custody pending sentencing based on prison conditions at the Lackawanna County Prison (LCP) and the inherent risk posed by her being confined in close quarters to a large number of other inmates during the COVID-19 global pandemic. Sanchez De Hernandez claims to suffer from asthma. In her motion, Sanchez De Hernandez has certified that the assigned assistant United States attorney does not concur in her motion. (Doc. 130, at 4.) Defense counsel filed a notice indicating that the parties have been unable to resolve the motion. (Doc.

136). Sanchez De Hernandez filed a brief in support of her motion (Doc. 131) and the government filed a brief in opposition to the defendant's motion. (Doc. 137). On April 29, 2020, we conducted a telephonic hearing with the defendant's consent. The matter is ripe for a decision.

## I.   Statement of Facts

A federal grand jury indicted Sanchez De Hernandez on March 20, 2018, charging her with conspiracy to distribute fentanyl and methamphetamine in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A), and § 846, possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of drug trafficking crime in violation of 21 U.S.C. § 924(c).[1] (Doc. 16). On March 29, 2018, she appeared before the Honorable Karoline Mehalchick for an arraignment, where she pled not guilty to the charges and waived a detention hearing. On November 5, 2018, the defendant appeared before the Honorable Robert D. Mariani on her motion for release from custody. After a hearing, Judge Mariani

---

[1] The defendant was initially charged by criminal complaint supported by an affidavit prior to her indictment. We presided over his initial appearance and ordered her detained. (Doc. 1; Doc. 2 (sealed); Doc. 13).

denied that motion and Sanchez De Hernandez has remained detained at the LCP.

On October 30, 2019, Sanchez De Hernandez pleaded guilty to Count 1 of the Indictment—conspiracy to distribute and possession with intent to distribute controlled substances in violation of 21 U.S.C. § 846—pursuant to a written plea agreement. (Doc. 99). Sanchez De Hernandez faces a maximum term of life imprisonment, a mandatory minimum sentence of 10 years of imprisonment, a maximum fine of $10,000,000, a term of supervised release term of 5 years to life, plus payment of the costs of prosecution.

The presentence report has been completed and disclosed to the parties. A sentencing date has not yet been set. In her brief, Sanchez De Hernandez seeks release because of the existence of COVID-19 and the alleged adverse conditions of LCP given her self-reported condition of asthma. The government contends that Sanchez De Hernandez's motion fails to prove by clear and convincing evidence that she is not a flight risk and not a danger to the community, that she continues to represent a flight risk and a danger to the community, and that no conditions or combination of conditions would ensure her appearance for sentencing

and the safety of the community, notwithstanding the health risks posed by COVID-19—risks that will exist regardless of her detention status. (Doc. 137). For the reasons discussed herein, we will deny Sanchez De Hernandez's motion.

## II. Discussion

### a. COVID-19 Global Pandemic

We are mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents.[2] "COVID-19 is the infectious disease caused by the novel coronavirus." *United States v. Roeder*, ___ Fed. App'x ___, 2020 WL 1545872, at *1 (3d. Cir. Apr. 1, 2020) (per curiam). We are also cognizant that the President of the United States has declared a national emergency and the Governor of Pennsylvania has declared a state of emergency respectively. In connection with that, the Governor of Pennsylvania issued a statewide stay-at-home order on April 1, 2020, with counties only recently beginning to transition to less restrictive mitigation policies. As of this date, Lackawanna County, where the defendant is detained at LCP,

---

[2] World Health Org., *WHO Characterizes COVID-19 as a Pandemic* (Mar. 11, 2020), https://www.who.int/emergencies/diseases/novel-coronavirus-2019/events-as-they-happen.

recently progressed to the "yellow phase" of reopening. Further, the Governor has ordered all schools to remain closed for the remainder of the 2019-2020 academic school year. We also recognize that public health officials have strenuously encouraged the public to practice "social distancing," to hand-wash and/or sanitize frequently, and to avoid close contact with others—all of which presents challenges in detention facilities. *See Roeder*, 2020 WL 1545872, at \*2; *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at \*2 (D. Md. Mar. 17, 2020).

### b. Conditions of LCP

Sanchez De Hernandez argues only that it is unsafe for her to be housed in a detention facility with a large vulnerable group—a prison population—while being an asthmatic. She makes no other allegations that LCP has failed to protect its inmate population or staff from the coronavirus.

The government proffered in its brief that LCP has reported no positive COVID-19 cases among its inmate populations and only one corrections officer who has tested positive. All inmates were informed of that development and placed on lockdown. We further take judicial notice of recent policies and procedures adopted by LCP to prevent or limit the

spread of COVID-19 within the prison. *See Shakur v. Costello*, 230 Fed. App'x 199, 201 (3d Cir. 2007) (per curiam) (taking judicial notice of county prison procedures). Under these new policies and procedures, LCP has suspended contact visits, regular visitation, and visitation from volunteers, including religious leaders. It has implemented aggressive sanitation programs and suspended all programs that utilize "outside" employees. It has prohibited individuals other than prison and medical staff to proceed any further than the reception area. It has limited attorney visits with inmates to meetings through a glass partition in a lawyer visitation room unless written permission is granted by the warden or the deputy warden. It has cancelled all conferences and out-of-county training. It has provided for weekly contact with officials from the state department of corrections. It has posted educational flyers in the blocks and in the reception area. It has also implemented body temperature screening checks for all employees and lawyers as they enter the facility. *United States v. Mendoza*, No. 5:20-mj-00011, 2020 WL 1663361, at *3 & n.4 (M.D. Pa. Apr. 3, 2020).

### c. *18 U.S.C. § 3142(i)—Temporary Release*

In her motion and brief, Sanchez De Hernandez has requested her temporary release under 18 U.S.C. § 3142(i), which allows a judicial officer, by subsequent order, to permit the temporary release of a person to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or another compelling reason. But Sanchez De Hernandez is not eligible for release under § 3142(i) because she is not a pretrial detainee. She has pleaded guilty and is presently detained pending imposition of her sentence.

Under the federal criminal rules, "[t]he provisions of 18 U.S.C. §§ 3142 and 3144 govern *pretrial* release." Fed. R. Crim. P. 46(a) (emphasis added). Having entered a guilty plea, the defendant's detention is governed by 18 U.S.C. § 3143. Fed. R. Crim P. 46(c); *see also United States v. Jacome*, No. 3:17-CR-0205, 2020 WL 2342364, at *2 (M.D. Pa. May 11, 2020). Section 3142(i) simply does not apply to a defendant awaiting sentencing. *Jacome*, 2020 WL 2342364, at *2; *United States v. Leathers*, No. 2:19-cr-633 (WJM), 2020 WL 2219853, at *1 n.1 (D.N.J. May 7, 2020).

### d. 18 U.S.C. § 3145(c)—Release Pending Sentencing

Although Sanchez De Hernandez does not cite any other provision of the Bail Reform Act of 1984 under which she seeks release, she may be considered for release under 18 U.S.C. § 3145(c). She contends that she should be released temporarily because of the COVID-19 global pandemic, and that she is not likely to flee or pose a danger to the safety of any other person or the community if released.

Because Sanchez De Hernandez has pleaded guilty to a serious drug offense, *see* 18 U.S.C. § 3142(f)(1)(C), her detention in the first instance is governed by 18 U.S.C. § 3143(a)(2), which provides that such a pre-sentence defendant be detained unless:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2); *see also* Fed. R. Crim P. 46(c) (placing burden of proof on the defendant).

Sanchez De Hernandez has proffered no evidence to support a finding that there is a substantial likelihood that motion for acquittal or new trial will be granted—indeed, she has pleaded guilty to a serious drug trafficking offense. *See Leathers*, 2020 WL 2219853, at *2 ("Because Defendant pleaded guilty, there is no likelihood—much less a substantial likelihood—that a motion for acquittal or a new trial will be granted."). Likewise, Sanchez De Hernandez has proffered no evidence that the government will be recommending no prison time. Indeed, she faces a mandatory minimum of 10 years of imprisonment. Consequently, Sanchez De Hernandez is not eligible for release under § 3143(a)(2).

Instead, Sanchez De Hernandez may rely on § 3145(c), which provides that: "A person subject to detention pursuant to section 3143(a)(2) . . . , who meets the conditions of release set forth in section 3143(a)(1) . . . , may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c); *see also United States v. Williams*, 903 F. Supp. 2d 292, 298–302 (M.D. Pa. 2012) (holding that a district court possesses discretion to consider a temporary release pending sentencing under § 3145(c));

*United States v. Ortiz*, No. 1:18-CR-00134, 2020 WL 1904478, at *3 (M.D. Pa. Apr. 17, 2020) (endorsing *Williams* in the context of COVID-19).

To qualify for temporary release pending sentencing under § 3145(c), a defendant must first satisfy the criteria set forth in § 3143(a)(1). That section provides that the person "be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1); *see also* Fed. R. Crim. P. 46(c) (placing burden of proof on the defendant).

At the detention hearing before the undersigned on February 23, 2018, we granted the government's motion for detention and ordered that she be detained pending trial based on findings that the defendant had failed to present sufficient evidence to rebut the presumption in favor of detention under 18 U.S.C. § 3142(e)(3) arising from the maximum penalties associated with the charged offenses. (Doc. 13.) Specifically, we ordered the defendant detained pending trial because the court found by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person and the community. (*Id.*) In addition to the statutory presumption, we found

that detention was merited based on the lengthy prison sentence she faced if convicted and because the background information on her was unknown or unverified. (*Id.*)

Sanchez De Hernandez argues that the COVID-19 outbreak constitutes a change in circumstances since our order of detention order in February 2018. This argument relates to the "exceptional reasons" factor under § 3145(c), but it does not impact the findings previously made by us in February 2018 and by Judge Mariani at her second detention hearing in November 2018. *See Ortiz*, 2020 WL 1904478, at *4. Moreover, we note that, having pleaded guilty in the interim, the burden of proof has now shifted from the government to the defendant. *Compare* 18 U.S.C. § 3142(f) (imposing burden on government to prove dangerousness by clear and convincing evidence and flight risk by preponderance of the evidence) *with id.* § 3143(a)(1) *and* Fed. R. Crim. P. 46(c) (imposing burden on defendant to prove by clear and convincing evidence that he is not likely to flee or to pose a danger to other persons or the community). Based on the nature of the offense of conviction, the length of the potential sentence to be imposed, the strong weight of evidence against the defendant, we find that the defendant has failed to

establish, by clear and convincing evidence, that there is any condition or combination of conditions that will reasonably assure the court that she is not likely to flee or pose a danger to the safety of any other person or the community if released.

Based on the foregoing, we are not obligated to address the "exceptional reasons" factor in § 3145(c). *See Ortiz*, 2020 WL 1904478, at *5. Nevertheless, under the specific facts presented in this case, we find the health risks posed by the COVID-19 pandemic to this particular defendant do not constitute "exceptional reasons" justifying her temporary release from presentence detention.

In her supporting brief, Sanchez De Hernandez presents only speculative arguments that her confinement in the LCP increases the health risks posed to her by COVID-19. Other than a single guard who appears to have had no contact with the movant, there have been no confirmed cases of COVID-19 in the LCP. Moreover, LCP has implemented new policies and procedures to protect its population as referenced above. There is no evidence that such measures are, or have been, inadequate. Our court has temporarily continued all live, in-court proceedings through June 30, 2020, which should ameliorate a criminal

defendant's concerns about assisting his or her attorney in the preparation of a defense. Any reason for Sanchez De Hernandez to assist her counsel in her defense is further diminished by the fact that the presentence report in this case has already been completed and apparently reviewed by counsel and awaiting the setting of a sentencing date. Further, we are confident that LCP will respect the privileged nature of the communications between attorneys and their inmate-clients, as nothing to the contrary has been alleged or otherwise brought to our attention.

In her brief, Sanchez De Hernandez states that, if released, she will live with her daughters and grandchildren in a leased residence in Hazleton, Pennsylvania, and that her oldest daughter is willing to act as a third-party custodian. She alleges that she is amenable to the imposition of any conditions of release including house arrest with electronic monitoring. Nevertheless, we are not inclined to release her at this crucial time in the progression of her case, with the only proceeding left is the scheduling of a sentencing hearing.

In the absence of any evidence of a medically diagnosed health condition that would increase the risk to Sanchez De Hernandez posed

by COVID-19, or any evidence that LCP is not providing—or is unable to provide—appropriate medical care, we are not persuaded that Sanchez De Hernandez should be released. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (recognizing that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"). While the court remains sympathetic to Sanchez De Hernandez's subjective concerns regarding the possibility of health complications caused by the COVID-19 virus, "[s]uch speculation does not constitute a 'compelling reason' for temporary release." *United States v. Loveings*, Cr. No. 20-51, 2020 WL 1501859, at *3 (W.D. Pa. Mar. 30, 2020); *see also United States v. Pritchett*, No. CR 19-280, 2020 WL 1640280, at *3 (W.D. Pa. Apr. 2, 2020) (despite being sympathetic to defendant's medical conditions, including a diagnosis of asthma, speculation concerning possible future conditions in jail does not constitute a "compelling reason" for temporary release.); *United States v. Jones*, No. 2:19-CR-00249-DWA, 2020 WL 1511221, at *3 (W.D. Pa. Mar. 29, 2020) (holding that, while the defendant suffered

from hypertension, sleep apnea, and asthma, and it is true that individuals with respiratory issues are at higher risk for COVID-19, his present health conditions were not sufficient to establish a compelling reason for release in light of the danger to the community posed by his release and the efforts undertaken at the jail to combat the spread of the virus) (citing *United States v. Davis*, No. 19-1604, 2020 U.S. App. LEXIS 9987 (3d Cir. Mar. 20, 2020)).

The mere presence of the virus, even in the detention setting, does not automatically translate to the release of a person accused. *United States v. Williams*, No. PWG-19-8, 2020 WL 1643662, at *2 (D. Md. Apr. 2, 2020) (denying defendant's motion even where at least five inmates had tested positive for COVID-19 and defendant suffered from allergies and asthma); *United States v. Bilbrough*, No. TDC-20-0033, 2020 WL 1694362 (D. Md. Apr. 7, 2020) (affirming magistrate judge's denial of motion by defendant who suffered from diabetes); *United States v. Williams*, No. PWG-13-544, 2020 WL 1434130 (D. Md. Mar. 24, 2020) (denying a 67-year-old defendant's motion); *United States v. Penaloza*, No. TDC 19-238, 2020 WL 1555064 (D. Md. Apr. 1, 2020) (denying motion of defendant who suffered from a heart murmur); *United States v.*

*Jefferson*, No. CCB-19-487, 2020 WL 1332011 (D. Md. Mar. 23, 2020) (denying motion of asthmatic defendant). Thus, we are left to speculate whether Sanchez De Hernandez's continued incarceration would likely increase her risk of harm. However, mindful of the rapidly evolving conditions in prisons throughout the nation as well as the COVID-19 pandemic, we may entertain a renewed request for release if at some point in the future it becomes clear that there are compelling reasons to justify the defendant's release. *United States v. Sanchez*, No. 1:19-cr-00152, 2020 WL 1814159 *7 (M.D. Pa. Apr. 9, 2020) (citing *United States v. Lee*, No 19-CR-298 (KBJ), 2020 WL 1541049, at *7 (D.D.C. Mar. 30, 2020)).

## III.  Conclusion

For the reasons set forth above, Sanchez De Hernandez has failed to establish by clear and convincing evidence that she is not likely to flee or pose a danger to the safety of any other person or the community if released, and she has failed to establish exceptional reasons why her continued detention until sentencing is not appropriate. Therefore, her motion (Doc. 130) is denied.

An appropriate order follows.

JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: June 19, 2020